

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 13-31898
CH-13

IN RE:

BARRY W. LANCETT,

        Debtor

1314 Grayscroft Drive
Waxhaw, NC 28173
XXX-XX-9588

**EMERGENCY MOTION PURSUANT
TO TO SHORTEN TIME FOR NOTICE
PURSUANT TO LOCAL RULE 9006-1
AND REQUEST FOR EXPEDITED
HEARING**

**AND**

**EMERGENCY MOTION TO SET
ASIDE VOLUNTARY DISMISSAL AND
REOPEN BANKRUPTCY CASE NO. 13-
31898 PURSUANT TO RULE 60
(1)(2)(3) F.R.Civ.P.  FRAUD ON THE
COURT**

**WITH**

**EMERGENCY INJUNCTIVE RELIEF TO
REINSTATE THE AUTOMATIC STAY**

NOW COMES Appellant Barry W. Lancett,("Debtor"), pro se, moves the court to SET

ASIDE VOLUNTARY DISMISSAL AND REOPEN Bankruptcy Case No.  13-31898 on shortened

notice pursuant to Local Rule 9006-1 and for good cause shown and pursuant to  Fed. R. Civ. P.

60(b)(1)(2)(3), that provides: a court in its sound discretion is authorized to grant relief from an

order or judgment for: (b)(1) "mistake, inadvertence, surprise, or excusable neglect," or; (b)(2)

newly discovered evidence, or; (b)(3) "Fraud…., misrepresentation, or other misconduct of an

adverse party," and and pursuant to  Fed. R. Civ. P.  5010 and to Section 350(b) of the Code that

provides: "A case may be reopened in the court in which such case was closed to administer

assets, to accord relief to the debtor, or for other cause."

### THE CAUSES TO SET ASSIDE THE VOLUNTARY DISMISSAL AND REOPEN THIS CASE

1.  The first cause to set aside the voluntary dismissal and reopen this case is the Debtor

    moves the Court pursuant to Fed. R. Civ. P. 60 (b)(3) "Fraud...., misrepresentation, or

    other misconduct of an adverse party," for a declaratory judgment and injunctive relief

    as to and from the "Fraud" and "Fraud on the Court" by U.S. Bank National Association

    as Legal Title Trustee for Truman 2012 SC Title Trust, ("Alleged Creditor"), who in this

    case filed or caused to be filed by and through Rushmore Loan Management Services,

    LLC, ("Alleged Servicer"), and by and through Brock & Scott, PLLC , ("Law Firm"), and by

    and through Daria Barrett and or Matthew L. Underwood attorney(s) for Brock & Scott,

    PLLC, ("Attorney") a proof of claim, (see Case No. 13-31898, Claims Register Claim No. 2

    filed 10-2-2013), ("Proof of Claim"), that was intended to conceal the truth from the

    Court by making false claims, by filing false documents in support of their claim,

    *(See Exhibit "A" yyuy)*

    (specifically a "Note" that is not the same "Note" as used by same law firm in this case

    to receive judgment in the immediate foreclosure action to be stayed U.C.N.C.S.C Case

    No. 11 SP 756), by manipulating facts and documents submitted with the proof of claim

    with the intent to persuade and mislead the Court to allow the foreclosure sale and

    collection of the subject claim by an alleged creditor who in fact and law had or has no

    capacity or standing as a secured creditor.

2.  The second cause to reopen this case is the Debtor moves the Court for a declaratory judgment as to the whether there is "Capacity" and "Standing" of the Alleged Creditor, U.S. Bank National Association as Legal Title Trustee for Truman 2012 SC Title Trust, and or the Alleged Servicer and or by and through their Attorney(s) to file claim(s) and or motion(s) in this case.

3.  The third cause to reopen this case is the Debtor moves the Court for a declaratory judgment as to the whether the aforementioned Alleged Creditor, and or the Alleged Servicer and or by and through their Attorney(s) is or are a real "Party of Interest" in this case.

4.  The fourth cause to reopen this case is the Debtor moves this court for a declaratory judgment as to whether the aforementioned Alleged Creditor, and or the Alleged Servicer and or by and through their Attorney(s) had a right to file a Motion for Relief From Stay in this case when they were not a party of interest in this case.

5.  The fifth cause to reopen this case is the Debtor seeks the protection of the Federal Bankruptcy Court through continuation of the Automatic Stay in this reopened case and specifically moves this court for emergency and immediate injunctive relief in the form of an Order by this court to Stay the foreclosure sale that took place on May 6, 2014 and will not be fixed until Friday May 16, 2014 (Union County, N.C. Superior Court Case No. 11 SP 756) until the aforementioned cause(s) are fully adjudicated by this court and throughout any appeals process.

**JUSTIFICATION TO REOPEN CASE AND REINSTATE THE MANDATORY STAY**

1. Prior to the dismissal of the case, debtor filed a Dispute of Claim (Case 13-31898, Doc 25
   Filed 11-1-13), but the Dispute was not heard since case was dismissed, however
   judgment is now necessary as it relates to Capacity and Standing of an alleged Party of
   Interest in this Case and related subsequent cases with this Court, (Case No. 14-30104)
   and pending related appeal(s) to the Western District Court, North Carolina, Charlotte
   Division (Case No. 3:14-cv-00175 and Case No. 3:2014-cv-00232).

2. A rule 60(b) Motion to Reopen a Case, if based on Fraud or Fraud on the Court, is
   allowed as long as it is within one year after the close of the case being reopened.

**HISTORY JUSTIFYING REOPENING CASE AND INJUNCTIVE RELIEF SOUGHT**

Debtor filed a Dispute of said claim in the subject case requested to be reopened that
was never heard since the case was voluntarily dismissed by debtor before the matter could be
heard.  Debtor voluntarily dismissed the subject case "without prejudice" and in good faith,
(Case No. 13-31898, Doc. 31, Filed 11-25-13 – "NOTICE and ORDER of Voluntary Dismissal" also
see Case No. 13-31898, Doc. 30, Filed 11-25-13, "Petition For Voluntary Dismissal Without
Prejudice of 13-31898"), wherein the petitioner debtor explained his reasons for dismissal as
follows:

> "Since the filing of this case I have been suffering from multiple life stressors that
> include but are not limited solely to the aftermath of recent divorce from Jenny Lancett,
> recent change in employment, alleged wrongful foreclosure, and the demands of the

bankruptcy process itself.  My medical doctor is concerned that I may have an elevated

risk of stroke.  I have been advised by my therapist that my emotional wellbeing is

currently an issue of immediate concern and that I must immediately cut as much stress

as possible."

Debtor petitioned for the voluntarily dismissed "without prejudice" and it was his intent

to reopen or file a new bankruptcy petition at a future date when he felt he could better

balance coping with his life stressors, health issues and the demands of litigating pro se his

bankruptcy case.

Debtor acting Pro Se is and was handicapped since he does not have the same

understanding of the rules of procedure and the laws of bankruptcy as does his adversary(s)

and the Court.  Therefore, Debtor acting pro se prays for the Court to suspend the rules and

allow the Debtor greater latitude when making his written or oral arguments by motion,

objection, or otherwise.  Debtors Pro Se arguments should not fall on deaf ears or fail solely

based on debtor's lack of understanding of the Rules, Laws, or Procedure.  Debtor has

conducted his dealings with the Court in Good Faith and to the best of his ability and based on

his knowledge, information and belief that his "Natural Rights" and "Constitutional Rights" will

not be abridged due to his handicap of not having the same education and understanding of

the law and rules of procedure as his adversary(s) and the Court.  Debtor has reason and belief

that equal justice and equitable relief should not be predicated on whether or not Debtor can

afford to hire an attorney to represent him in his case.  This Pro Se Debtor further has reason

and belief that in this court of equity, justice and equitable relief should not be withheld from

him and that it is unconstitutional and an infringement on his natural rights for the court to

refrain from giving advice and guidance related to the litigation of his case when such guidance

and advice is weighed in light of the public interest of fairness in equity and the equal

administration of justice based on the law.

Because Debtor has proceeded pro se this Bankruptcy process and in has lodged some

serious allegations and questions of law Debtor prays that the Court should grant greater

latitude (than litigants represented by counsel) to correct defects in service of process and

pleadings and to suspend the rules.  In support of this request, Barry W. Lancett ("Debtor")

shows the Court as follows: (Hughes v. Research Triangle Inst. 1:11cv546  M.D.N.C. 2012 and

see also Miller v. Northwest Region Library Bd., 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004)(Beay,

J); and  Lisson v. ING GROEP N.V. 262 Fed. App'x 567, 571 (5th Cir. 2007); Moore v. Agency for

Int'l Dev 994 F. 2d 874. 876 (D.C. Cir. 1993)).

WHEREFORE, Debtor, respectfully moves this Honorable Bankruptcy Court for the

following:

1.  Grant motion to allow expedited hearing on shortened notice.

2.  Set aside the voluntary dismissal of Case No. 13-31898 to allow for said case to be

    reopened.

3.   Reopen this case and reinstate the Automatic Stay in this Case to further due process and offer this Pro Se litigant the opportunity to receive equal, non-biased, and non-prejudiced protection of the Federal Bankruptcy Court.

4.   Due to the shortened time before the hearing, allow Barry Lancett, the Pro Se Debtor to fully present his evidence and submit a written Brief at the time of the expedited hearing to support his motion to reopen the case based on Rule 60 (1),(2), and(3) claim(s) of "surprise", "newly discovered information",  "Fraud" and Fraud on The Court.

5.   For the court upon reopening the case to allow Debtor time to correct deficiencies, amend his dispute of claim, schedule hearing(s) and provide notice as necessary to be herd on the aforementioned "causes" for reopening the case.

6.   For the Court to provide the declaratory and injunctive relief and judgment(s) sought as described in the aforementioned paragraphs of this motion.

7.   For the Court to specifically Order the stay of the foreclosure sale of the subject property at 1314 Grayscroft Drive, Waxhaw, NC 28173, prior to May 16, 2014 at 12:30 p.m.

This 13th day of May, 2014.

By:   _Barry W. Lancett_

Barry W. Lancett (Pro-Se)
1314 Grayscroft Drive
Waxhaw, NC 28173
(704)771-3109
trustedadvisor@live.com

## CERTIFICATE OF SERVICE

*Notice of Henning And* ~~duly~~

THE UNDERSIGNED HEREBY CERTIFIES, that a copy of **EMERGENCY MOTION TO SHORTEN TIME FOR NOTICE PURSUANT TO LOCAL RULE 9006-1  AND REQUEST FOR EXPEDITED HEARING  AND EMERGENCY MOTION TO TO SET ASIDE VOLUNTARY DISMISSAL AND REOPEN BANKRUPTCY CASE NO. 13-31898 PURSUANT TO RULE 60 (1)(2)(3) F.R.Civ.P.  FRAUD ON THE COURT WITH EMERGENCY INJUNCTIVE RELIEF TO REINSTATE THE AUTOMATIC STAY** was served upon each party to this action by Service and accomplished upon either actual hand delivery of the motion to the office of the party and or email and or deposit of a copy thereof enclosed in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service for mailing, or delivery via the U.S. Bankruptcy Court's case filing notification, as outlined in the attached Service List:

Warren Lee Tadlock
Office of Chapter 13 Trustee & Attorney for Appellee
4600 Park Road, Suite 101
Charlotte, NC 28209
warrenlt@ch13clt.net

U.S.BANK NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2012 SC TITLE TRUST,
by and through Rushmore Loan Services, by and through
legal counsel Daria Barrett, ESQ., Brock & Scott PLLC
5121 Parkway Blvd. Suite 300 Charlotte, NC 29217
Daria.Barrett@brockandscott.com

This 13th day of May, 2014.

By:        *Barry W. Lancett*

Barry W. Lancett (Pro-Se)
1314 Grayscroft Drive
Waxhaw, NC 28173
(704)771-3109
trustedadvisor@live.com



# Alleged Note(s) Offered As Evidence of Same Alleged Debt – *(Endorsements Manipulated)

**Note Provided in Response to QWR on 10-3-2012 by Rushmore the Alleged Servicer**

**Note as Submitted as Evidence of Debt in Foreclosure 11-7-2012 by Rushmore / Brock & Scott Attorney for Foreclosing Trustee**

**Note as Submitted as Evidence with Proof of Claim(s) in BK Case(s) 13-31898 and again in 14-30104 by Rushmore by and through Brock & Scott**

Exhibit "A"

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

*FILED*
U.S. Bankruptcy Court
Western District of NC

MAY 1 3 2014

Steven T. Salata, Clerk
Charlotte Division
CCH

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-31898 |
| | ) | CH-13 |
| BARRY W. LANCETT, | ) | |
| DEBTOR | ) | **NOTICE OF HEARING ON** |
| | ) | **SHORTENED NOTICE** |
| 1314 GRAYSCROFT DR | ) | |
| WAXHAW, NC 28173 | ) | |
| XXX-XX-9588 | ) | |

TAKE NOTICE that Barry w. Lancett has filed papers with the Court for <u>EMERGENCY MOTION TO SHORTEN TIME FOR NOTICE PURSUANT TO LOCAL RULE 9006-1  AND REQUEST FOR EXPEDITED HEARING  AND EMERGENCY MOTION TO TO SET ASIDE VOLUNTARY DISMISSAL AND REOPEN BANKRUPTCY CASE NO. 13-31898 PURSUANT TO RULE 60 (1)(2)(3) F.R.Civ.P.  FRAUD ON THE COURT WITH EMERGENCY INJUNCTIVE RELIEF TO REINSTATE THE AUTOMATIC STAY.</u>  A copy of these paper(s) is included with this Notice or copied on the reverse side of this Notice.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order GRANTING THE <u>EMERGENCY MOTION TO SHORTEN TIME FOR NOTICE PURSUANT TO LOCAL RULE 9006-1  AND REQUEST FOR EXPEDITED HEARING  AND EMERGENCY MOTION TO TO SET ASIDE VOLUNTARY DISMISSAL AND REOPEN BANKRUPTCY CASE NO. 13-31898 PURSUANT TO RULE 60 (1)(2)(3) F.R.Civ.P.  FRAUD ON THE COURT WITH EMERGENCY INJUNCTIVE RELIEF TO REINSTATE THE AUTOMATIC STAY</u>, or if you want the Court to consider your views on <u>EMERGENCY MOTION TO SHORTEN TIME FOR NOTICE PURSUANT TO LOCAL RULE 9006-1 AND REQUEST FOR EXPEDITED HEARING  AND EMERGENCY MOTION TO TO SET ASIDE VOLUNTARY DISMISSAL AND REOPEN BANKRUPTCY CASE NO. 13-31898 PURSUANT TO RULE 60 (1)(2)(3) F.R.Civ.P. FRAUD ON THE COURT WITH EMERGENCY INJUNCTIVE RELIEF TO REINSTATE THE AUTOMATIC STAY</u>, then on the date of this Notice, or at the hearing on date set forth below you or your attorney must file your objection.

NOTICE IS FURTHER GIVEN that this motion may be allowed pursuant Local Rule 9006-1 and to without a hearing or further notice and any opposing party may object to the shortened notice **at the hearing** at the time and place as follow:

NOTICE IS FURTHER GIVEN that, a hearing will be conducted in the **Charlotte Division of the U.S. Bankruptcy Court WESTERN District of North Carolina, located 401 West Trade Street, Charlotte, North Carolina, 28202 on  MAY 15, 2014 at 9:30 am, Courtroom 126.** If no objection is made at the

aforementioned hearing, his Court may rule on the Motion exparte without further notice.  Any party objecting shall appear at the hearing in support of such objection or may be assessed with costs of Court.

This __13TH__ day of May, 2014.

Barry W. Lancett (Pro Se)
1314 Grayscroft Drive
Waxhaw, NC 28173
Ph:  (704)771-3109
trustedadvisor@live.com