FILED & JUDGMENT ENTERED
Steven T. Salata

May 21 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:                            )
                                  )
**BARRY W. LANCETT**,             )    Chapter 13
                                  )    Case No. 13-31898
                Debtor.           )
_____)

### ORDER DENYING MOTION TO SET ASIDE VOLUNTARY DISMISSAL AND REOPEN BANKRUPTCY CASE

**THIS MATTER** is before the court on the pro se Debtor's "Emergency Motion Pursuant to to [sic] Shorten Time for Notice Pursuant to Local Rule 9006-1 and Request for Expedited Hearing and Emergency Motion to Set Aside Voluntary Dismissal and Reopen Bankruptcy Case No. 13-31898 Pursuant to Rule 60(1)(2)(3) F.R.Civ.P. Fraud on the Court with Emergency Injunctive Relief to Reinstate the Automatic Stay" ("Motion") filed on May 13, 2014. The court's May 14, 2014 order granted the portion of the Motion requesting a hearing on shortened notice, and the court held a hearing on the Motion on May 15, 2014. The Debtor, an attorney for the Chapter 13 Trustee, and an attorney representing Rushmore Loan Management Services, LLC and US Bank,

National Association ("US Bank") appeared at the hearing.

The Debtor filed this case on September 3, 2013. On November 13, 2013, US Bank filed a motion for relief from stay seeking to enforce its security interest in the Debtor's residence. Prior to a hearing on US Bank's motion, the Debtor filed a "Petition for Voluntary Dismissal Without Prejudice of 13-31898" on November 25, 2013, and the court dismissed this case on the same date.

On January 22, 2014, the Debtor filed Chapter 13 case no. 14-30104. On February 26, 2014, the Chapter 13 Trustee filed a motion to dismiss case no. 14-30104 pursuant to 11 U.S.C. § 109(g)(2), which says no individual can be a debtor if she was a debtor in a previous case within the last 180 days and voluntarily dismissed the previous case following the filing of a motion for relief from stay. After a hearing on March 25, 2014, the court granted the Trustee's motion and dismissed case no. 14-30104. The Debtor appealed the dismissal of case no. 14-30104 to the District Court. The Debtor sought a stay pending appeal on April 28, 2014, and the court denied the request on May 1, 2014. The Debtor also appealed the denial of a stay pending appeal to the District Court. Both of the Debtor's appeals are still pending.

In the Fourth Circuit, there is no absolute right to reopen a bankruptcy case and "the decision whether to reopen is committed to the court's discretion." <u>Hawkins v. Landmark Fin.</u>

2

Co. (In re Hawkins), 727 F.2d 324, 326 (4th Cir. 1984). While motions to reopen should be granted liberally, "[i]f no useful purpose can be served by reopening a case, granting the motion is a futile gesture wasteful of the court's and the litigants' resources and the motion should be denied." In re Potes, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005) (citing In re Carberry, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995)). Courts consider motions to reconsider dismissals of bankruptcy cases under Federal Rule of Civil Procedure 60 ("Rule 60").[1] Rule 60 provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Debtor seeks reconsideration of his voluntary dismissal pursuant to Rule 60(b)(1)—(3), but none of those paragraphs

---

[1] Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60 applicable to bankruptcy cases.

3

apply to the Debtor's situation. The Debtor primarily argues that US Bank's alleged fraud in filing its proof of claim justifies reconsidering the dismissal under Rule 60(b)(3); however, any alleged fraud by US Bank is irrelevant to the reconsideration of this dismissal. The Debtor requested a voluntary dismissal of this case, and US Bank's proof of claim did not play a role in the court's decision to dismiss the case. If there was any fraud directly related to the dismissal of this case, it was committed by the Debtor, not US Bank.

The Debtor's other bases for proceeding under Rule 60 are similarly unavailing. The Debtor argued that US Bank's filing of the same promissory note with its proof of claim in case no. 14-30104 as it previously filed in this case constituted newly discovered evidence pursuant to Rule 60(b)(2), but use of the same evidence in a subsequent case is not new evidence, much less newly discovered evidence. The Debtor said he was surprised that US Bank would use the same evidence in the subsequent case, but that is not the type of surprise that supports relief under Rule 60(b)(1).

While the court is sympathetic to the difficult situation facing the Debtor, it cannot grant the relief the Debtor seeks in the Motion. The Debtor chose to dismiss this case instead of dealing with a motion for relief from stay. The Debtor then chose to file a new bankruptcy case. The court dismissed the new case due to the Debtor's actions in this case. The Debtor

4

filed two appeals to the District Court in the new case. Now that the new bankruptcy case and the appeals have failed to accomplish the relief sought by the Debtor (i.e., preventing a foreclosure of his residence), the Debtor seeks to accomplish the same goal by making a last-minute "end run" and reopening this case. The Debtor is judicially estopped from adopting a new position on the dismissal of this case after other parties in interest have relied on the dismissal. See In re Lilliefors, 379 B.R. 608, 611 (Bankr. E.D. Va. 2007) ("Judicial estoppel prevents a litigant from taking inconsistent legal positions before the court. Its purpose is to protect the integrity of the judicial process." (citing Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982))). In addition, § 109(g)(2) disqualifies individuals from being debtors for 180 days, and 180 days have not passed since the Debtor's voluntary dismissal of this case. Even if the Debtor could somehow overcome these hurdles, the Rooker-Feldman doctrine would prevent this court from reconsidering the state court foreclosure order. See In re Walker, 416 B.R. 449, 461 (Bankr. W.D.N.C. 2009) ("Under the Rooker-Feldman doctrine, state-court losers are not permitted to bring follow-up actions in federal court for the purpose of complaining of errors and injuries caused by state court judgments and inviting federal court review of those judgments." (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005); District of Columbia Court of Appeals v.

5

Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923))).

Accordingly, the portion of the Motion that seeks to set aside the Debtor's voluntary dismissal of this case is hereby **DENIED**. Since the court will not set aside the dismissal, reopening this case would be a "futile gesture wasteful of the court's and the litigants' resources" and the portion of the Motion requesting reopening of the case is hereby **DENIED**. The court does not reach the issue of whether to reinstate the automatic stay.

**SO ORDERED.**

This Order has been signed                    United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.

6